CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 18 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RICHARD EARL ALLEN, )
)
Petitioner, ) Case No. 7:09CV00208
)
v. )
) **MEMORANDUM OPINION**
)
WARDEN TERRY O'BRIEN, ) By: Glen E. Conrad
) United States District Judge
Respondent. )

Petitioner Richard Earl Allen, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner claims that his confinement pursuant to his conviction in the United States District Court for the Middle District of North Carolina at Greensboro is unconstitutional. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Allen's petition reflects the following procedural history. He pleaded not guilty, was tried before a jury, and was convicted of two counts of violating 18 U.S.C. § 922(g)(1) (possession of a firearm as a convicted felon) and § 924(a)(2) (illegal firearms transactions). On May 25, 2001, the court imposed sentence. Allen appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences by order entered January 10, 2002. He then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 in the trial court, arguing that counsel had been ineffective, in violation of the Sixth Amendment. The district court denied the § 2255 motion in July 2004, and the United States

---

[1] Allen is currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee County"), located within the territorial jurisdiction of this court. Accordingly, his § 2241 petition is properly filed in this district. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).

Court of Appeals for the Fourth Circuit later denied Allen's application for certification to file a second or successive § 2255, pursuant to § 2255(h).

Allen filed his § 2241 petition on or about May 27, 2009, alleging that his confinement pursuant to the federal court judgment was unlawful on the following grounds:

1. The trial court failed to suppress evidence on grounds that the car in which defendant was riding was stopped and searched without probable cause, in violation of the Fourth Amendment;

2. The trial court erroneously departed upward in calculating defendant's sentence;

3. The trial court erred in counting some of defendant's prior convictions separately for sentencing purposes;

4. Counsel was ineffective in failing to argue against the probation officer's recommendation of 52 points, some of which were for related cases;

5. The trial court denied defendant's motion for judgment of acquittal on grounds that the evidence was insufficient to support the conviction.

6. The trial court erred in allowing a Winston-Salem police officer, Annette, to testify about hearsay statements from other witnesses;

7. The trial court erred in finding that defendant had two prior felony convictions on which his sentence was enhanced.

8. The trial court erred by departing upwards from the otherwise applicable guidelines.

## Discussion

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). In rare circumstances when § 2255 is "inadequate or ineffective to test the legality of . . . detention," a federal inmate may instead challenge the fact of his confinement by seeking a writ of habeas corpus under § 2241. See § 2255(e) (often referred to as "the savings clause" of § 2255). The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the

legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Allen fails to demonstrate that any of his current claims fall under the narrow exception defined by In re Jones so as to be cognizable under § 2241. He does not identify any change in substantive law that developed after he filed his appeal and initial § 2255 motion, which decriminalized his offense conduct of dealing in firearms after being convicted of a felony. As Allen clearly does not meet these requirements of the In re Jones test, this court cannot address his claims under § 2241, and his petition shall be dismissed accordingly.

## Conclusion

For the stated reasons, the court concludes that Allen's allegations do not present claims cognizable under § 2241. Therefore, the court will dismiss his petition without prejudice.[2] An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue

---

[2] The court does not find it appropriate to construe and address Allen's petition as a § 2255 motion, as such a motion must be brought in the court that imposed the conviction and sentence and as Allen has previously filed a § 2255 in the sentencing court, which was denied. See § 2255(e).

- 3 -

Case 7:09-cv-00208-GEC-mfu  Document 2  Filed 06/18/09  Page 3 of 4  Pageid#: 10

any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 18th day of June, 2009.

_____
United States District Judge